**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2347-17T2

LATOYA BARRETT-MYERS,

     Appellant,

v.

BOARD OF REVEW,
DEPARTMENT OF LABOR,
and STATE OF NEW JERSEY
DEPARTMENT OF CHILDREN
AND FAMILIES,

     Respondents.

_____

Submitted September 16, 2019 - Decided November 18, 2019

Before Judges Vernoia and Susswein.

On appeal from the Board of Review, Department of Labor, Docket No. 129,293.

LaToya Barrett-Myers, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief).

Respondent New Jersey Department of Children and Families has not filed a brief.

PER CURIAM

Appellant Latoya Barret-Myers appeals from a Board of Review (Board) final agency decision disqualifying her from unemployment benefits. We are satisfied that the Board's determination is supported by substantial credible evidence in the record and was not arbitrary, capricious, or unreasonable. We therefore affirm.

An appellate court will not upset a final agency decision unless the decision was arbitrary, capricious, unreasonable, or it violated legislative policies either expressed or implied in the act that governs the agency. Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963); see also Dennery v. Bd. of Educ., 131 N.J. 626, 641 (1993) ("Ordinarily, we will not reverse the determination of an administrative agency unless it is arbitrary, capricious, or unreasonable or is not supported by substantial credible evidence in the record as a whole.").

The Department of Children and Families employed appellant as a paralegal technician since March 2007. In June 2016, she resigned for personal reasons, relocating to Maryland with her husband, who worked there. In July 2017, she applied for unemployment benefits. The Deputy Commissioner of the

Department of Labor denied her application. In response, appellant initiated an administrative appeal of that decision. She claimed for the first time, in that appeal, that she also had resigned because she suffered from anxiety as a result of a 2014 workplace incident where a co-worker was stabbed. Although she was not personally involved in that violent episode, she claimed that a deterioration in workplace safety caused her to experience serious medical problems.

The Appeal Tribunal conducted an evidentiary hearing after which it noted that appellant had not provided any medical records to support her claim that she suffered anxiety as a result of deteriorating workplace conditions. The Tribunal afforded her twenty-four hours to submit medical documentation. She did not provide any such records within the allotted time. Accordingly, the Tribunal denied her administrative appeal, finding that she had resigned for personal reasons associated with her decision to relocate to Maryland with her husband.

Appellant appealed the decision of the Tribunal to the Board, which affirmed the Tribunal's decision. Appellant subsequently moved to re-open the record to provide medical records. The Board denied that request but also found that the records she provided did not support her claim that a work-related disability compelled her to resign.

A-2347-17T2

The record before us also shows that appellant never informed the Department during her tenure that she was suffering from a work-related medical condition. The record further shows that she never asked to be assigned to another worksite. Consequently, even assuming she suffered from a work-related medical condition, she never afforded the Department an opportunity to provide an accommodation that might have allowed her to continue to work for the Department.

In these circumstances, and in view of the deferential standard of review, we are satisfied that there is no basis to disturb the Board's decision to deny her application for unemployment benefits. To the extent that we have not addressed them, any other arguments raised by plaintiff in this appeal do not have sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2347-17T2